SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
MIRA CHERNICK, MAB #696845
Assistant United States Attorney
mira.chernick@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**DAVID SHAWN ELLIOT,**<br><br>**Defendant.** | **Case No. 3:24-cr-00222-AN**<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

## I. Introduction

Defendant David Shawn Elliot belonged to multiple online groups dedicated to sharing pictures and videos of children being sexually abused. He repeatedly posted to those groups requesting links to additional child sexual abuse material (CSAM) and saved at least one CSAM video to his phone. The government joins with the probation officer and defendant in recommending that the Court impose a sentence of 78 months imprisonment and a $100 special assessment. The government further joins the probation office in recommending a ten-year term of supervised release.

## II. Sentence Recommendation

The Court should adopt the joint recommendation of the parties and the United States Probation Office and impose a sentence of 78 months imprisonment.

For at least six months, from December 2023 until his arrest in May 2024, defendant belonged to multiple online groups on the Vibr application dedicated to sharing CSAM. Through these groups, defendant had access to numerous CSAM files, including images and videos depicting the sexual abuse of prepubescent children as young as 4. PSR ¶ 24. Defendant repeatedly posted in these groups requesting access to more CSAM via "links" and "mega files."[1] PSR ¶ 20. Following his arrest, defendant admitted that he had been using Vibr for several years and that he did not believe he was "hurting anyone" by viewing images depicting the sexual abuse and exploitation of children and encouraging other users to share more of such content. PSR ¶ 27. He claimed to be primarily interested in teenage girls and denied enjoying "extreme" CSAM. PSR ¶ 28. A review of defendant's devices showed that on April 2, 2024, he saved a video to his phone that showed a girl who appeared to be about five years old being anally raped by an adult man. PSR ¶ 26.

The jointly recommended sentence is sufficient but no greater than necessary to provide just punishment, promote respect for the law, and protect the public from further crimes by this defendant. Defendant's conduct was serious and would otherwise warrant a guidelines sentence. But his early cooperation with the government's investigation and prosecution of this case and his positive performance while on pretrial release—particularly his participation in sex offender treatment—justify a two-level downward variance, and the parties agree that such a variance is appropriate to arrive at a sentence of 78 months.

The government and the probation office also recommend that the Court impose a ten-year term of supervised release to follow. While defendant has a criminal history category of I,

[1] Mega is a file-sharing application, similar to Dropbox. It is popular among CSAM collectors because it allows users to collect and share large numbers of files easily and for free, and because account contents are encrypted and cannot be viewed without the passkey, even by law enforcement or Mega itself. Users can share access to folders by sending a link containing the decryption passkey.

this does not reflect his prior convictions for misdemeanor Sexual Abuse III in 2000 and Failure to Register as a Sex Offender in 2006. Defendant was in his late teens and early twenties when he committed these offenses and has had no new criminal charges in the last twenty years. But the fact that defendant returned to sexually offending against minors after two decades of apparent law-abiding behavior justifies imposing a ten-year term of supervised release to ensure that defendant does not reoffend again following his release from custody. Additionally, defendant's performance on supervision in his prior sex offense case was extremely poor. He impregnated his 17-year-old girlfriend after being told not to have any sexual contact with her until she turned 18, tampered with his drug tests, and later lied to his probation officer about the fact that his girlfriend and newborn child were living with him. PSR ¶ 53. His subsequent conviction for failure to register as a sex offender demonstrates his persistent disregard for court orders intended to protect the community from his sexual impulses. While defendant has performed well on pretrial supervision on the instant case, this history of non-compliance after conviction for a sex offense further supports a ten-year term of supervised release.

The government respectfully urges the Court to adopt the recommendation of the parties and the probation officer and impose a sentence of 78 months imprisonment, followed by the ten-year term of supervised release recommended by the government and the probation officer. The Court should further order defendant to pay a $100 special assessment and to pay restitution to the minor victims in an amount to be determined within ninety days of sentencing.

### III. Remand

Under 18 U.S.C. § 3143(a)(2), the Court must order the detention of a defendant who has been convicted of a child pornography offense unless specific statutory exceptions are met. Those exceptions—which require either a finding that the defendant's conviction will likely be vacated or a government recommendation for a non-custodial sentence—do not apply in this

case. Under 18 U.S.C. § 3145(c), the Court may order such a defendant released "if it is clearly shown that there are exceptional reason why such person's detention would not be appropriate." No such exceptional reasons have been shown here. Defendant's compliance with the conditions of his pretrial supervision is expected of all criminal defendants, and it is common—not exceptional—for defendants charged with child pornography offenses to participate in sex offender treatment. Defendant has already been afforded the opportunity to continue sex offender treatment and attend to any medical needs while in the community pending sentencing. He should be remanded to the custody of the Bureau of Prisons at the time of sentencing. *See United States v. Garcia*, 340 F.3d 1013, 1022 (9th Cir. 2003) ("[T]he exception [under § 3145(c)] applies only where justified by exceptional circumstances. Hardships that commonly result from imprisonment do not meet the standard. The general rule must remain that conviction for a covered offense entails immediate incarceration. Only in truly unusual circumstances will a defendant whose offense is subject to the statutory provision be allowed to remain on bail.").

## IV. Motion to Change Caption

It has recently come to the attention of the government that defendant's name is misspelled in the caption of this case. As the PSR reflects, defendant's last name ends with two "t"s, not one. Defendant was sentenced under the name "David Shawn Elliott" in his previous criminal cases and confirms that this is the correct spelling of his name. At the sentencing hearing, the government will make an oral motion to change the case caption to reflect the correct spelling. The government expects that defendant will not object to the motion. If the Court grants the motion, the government asks that the order to change the caption be reflected in the minutes for the hearing. The government will then forward the minutes to the Clerk's Office, which will correct the caption as ordered.

**V. Restitution**

The minor victims in this case are entitled to restitution by statute and pursuant to the plea agreement, and the government has recently received a number of restitution requests. The government will attempt to resolve restitution through stipulation with defendant, but requests that a restitution hearing be set within ninety days of sentencing if necessary.

Dated: November 23, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Mira Chernick*
MIRA CHERNICK, MAB #696845
Assistant United States Attorney